UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X
PAUL OHLSON, on behalf of himself and all
others similarly-situated,

                Plaintiff,

       - against -

THE CADLE COMPANY, INC. and RAY
DIAMOND,

                Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

**MEMORANDUM & ORDER**
04 Civ. 3418 (DRH) (ETB)

**APPEARANCES:**

**ROBERT LOUIS ARLEO, ESQ.**
Attorney for Plaintiff
225 East 79th Street, Suite 2B
New York, NY 10021

**VLOCK & ASSOCIATES, P.C.**
Attorney for Defendants
230 Park Avenue
New York, NY 10169
By: Stephen Vlock, Esq.

**HURLEY, District Judge:**

*INTRODUCTION*

Plaintiff Paul Ohlson ("Plaintiff") filed the above-captioned putative class-action against Defendants The Cadle Company ("TCC") and Ray Diamond ("Diamond") on August 12, 2004 alleging violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692, *et seq.*, based upon Defendants' alleged false, deceptive, and misleading practices in conjunction with attempts to collect debts, *Id.* § 1694e; unfair practices in an attempt to collect alleged debts, *Id.* § 1694f; and using a name other than the true name of the collection agency, *Id.* § 1694e(14).

Presently before the Court is Plaintiff's motion to amend the complaint to add Bobby D. Associates ("BDA"); Daniel C. Cadle ("Cadle"); John and Jane Does 1 through 50; Steven Vlock ("Vlock"); and Vlock and Associates ("V&A") as defendants. Also before the Court are Defendants' motion for summary judgment as to the original complaint, and Defendants' motion for sanctions against Plaintiff pursuant to Federal Rule of Civil Procedure ("Rule") 11.

*BACKGROUND*

The following summary of facts is taken from the Amended Complaint ("Am. Compl."), unless otherwise noted.

Defendant TCC is allegedly an Ohio corporation, maintaining a principal place of business in Newton Falls, Ohio. Defendant TCC allegedly purchases debts that are in default from various business entities. Defendant Cadle is the alleged sole shareholder and sole owner of Defendant TCC. Defendant Diamond (a.k.a. "John Doe 1") is allegedly employed as a debt collector by Defendant TCC. Defendants John and Jane Does 2 through 25 allegedly control the policies and practices of Defendant TCC.

Defendant BDA is alleged to be, upon information and belief, a partnership registered in Ohio, maintaining the same principle place of business as Defendant TCC. Defendant BDA was allegedly created by Defendants TCC, Cadle, and John and Jane Does 2 through 25. Plaintiff alleges that Defendant BDA was created for the purpose of creating the false impression that a party other than Defendant TCC was engaged in the collection of delinquent debts purchased by Defendant TCC, thereby protecting and insulating Defendant TCC from creditor claims. Defendants John and Jane Does 26 through 50 are partners in Defendant BDA. Defendant

Vlock, residing in New York, is an attorney for Defendant V&A. He allegedly collects debts assigned to Defendant TCC.

Plaintiff resides in Port Washington, New York. Eric Ohlson, the brother of Plaintiff, opened a credit card account with Chase Manhattan Bank on March 1, 1980. Because of non-payment, the account eventually fell into default with an outstanding balance of $8,401.90. In August 2001, Defendant TCC purchased the debt from Chase Manhattan and assumed full ownership of the defaulted account. Sometime after Defendant TCC purchased the debt, persons employed by Defendant TCC as debt collectors began telephoning Plaintiff, advising Plaintiff that he was personally liable for the full amount due on his brother's account. Plaintiff requested proof that he owed the debt. No proof was ever provided.

On April 5, 2004, Plaintiff received a letter on Defendant BDA letterhead, signed by Defendant Diamond, that stated, "You are hereby advised that your debt is in DEFAULT, and the Holder hereby DEMANDS that you immediately pay all outstanding amounts of the debt in full." (Am. Compl, Ex. A.) The letter continued, "If the total amount due is not paid in full as indicated above, Holder may pursue its legal remedies, which may include the filing of a lawsuit against you for the total amount, plus court costs and attorney fees, if allowed by law in your state." (*Id.*) Plaintiff alleges that the contents of the letter threaten illegal action.

Defendant Diamond then allegedly "compelled" a de minimis payment, though Plaintiff now claims that the statute of limitations upon which to commence the threatened legal action had elapsed because more than six years had passed between the time the debt went into default status and the time of the de minimis payment. Plaintiff alleges that Defendant Diamond

submitted another threatening, misleading letter to Defendant on July 9, 2004, proposing a settlement offer.

Plaintiff has provided a copy of the returned check that is stamped "Rec'd/CADLE," to support his claim that Defendant BDA was a front for Defendant TCC's collections operation. (*See id.*, Ex. B.) Plaintiff further alleges that the telephone numbers set forth on Defendant BDA's letterhead are actually the phone numbers for Defendant TCC.

On August 9, 2004, Plaintiff filed the original Complaint against Defendants TCC and Diamond. Defendant Vlock submitted an answer on September 15, 2004, on behalf of "Defendants," asserting ten affirmative defenses and two counterclaims. On June 17, 2005, Defendants submitted a motion for summary judgment and a motion for Rule 11 sanctions. On July 1, 2005, Plaintiff submitted a motion to amend the complaint.

*DISCUSSION*

**I.**     ***Plaintiff's Motion to Amend the Complaint***

The proposed Amended Complaint does not assert any new claims. Rather, it names additional defendants and alleges additional facts in support of the original claims.

Plaintiff moves for leave to amend pursuant to Rule 15(a), which provides in pertinent part that leave to amend "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). A motion to amend should be denied, however, "if there is an 'apparent or declared reason -- such as [1] undue delay, [2] bad faith or dilatory motive . . . , [3] repeated failure to cure deficiencies by amendments previously allowed, [4] undue prejudice to the opposing party by virtue of the allowance of the amendment, [or (5)] futility of amendment.'" *Dluhos v. Floating & Abandoned Vessel, Known as N.Y.*, 162 F.3d 63, 69 (2d Cir. 1998) (quoting *Foman v. Davis*,

371 U.S. 178, 182 (1962)). Although the decision of whether to allow a party to amend his complaint is left to the sound discretion of the district court, there must be good reason to deny the motion. *See Acito v. IMCERA Group, Inc.*, 47 F.3d 47, 55 (2d Cir. 1995); *see also S.S. Silberblatt, Inc. v. E. Harlem Pilot Block-Bldg. 1 Hous. Dev. Fund Co.*, 608 F.2d 28, 42 (2d Cir. 1979).

Defendants do not assert that Plaintiff unduly delayed, exercised bad faith, filed any previous amendments, or that they would be unduly prejudiced by the amendment. Rather, they rely upon the sole argument that the proposed amendment would be futile because "no viable cause of action exists against the parties sought to be added" (*see* Defs.'s Mem. in Opp'n to Mot. at 6), and because the Amended Complaint would violate the statute of limitations.

The FDCPA establishes a general prohibition against the use of "false, deceptive, or misleading representations or means in connection with the collection of any debt." 15 U.S.C. § 1692e. By its terms, the FDCPA applies only to debt collectors. *See id.* § 1692b ("Any debt collector communicating with any person other than the consumer for the purpose of acquiring location information about the consumer shall . . . ."). A debt collector is defined as "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." *Id.* § 1692a(6). The FDCPA expressly excludes from this definition creditors seeking to collect their own debts. *Id.* § 1692a(6)(A). Moreover, an assignee of a debt is only treated as a debt collector if the debt sought to be collected was in default at the time it was obtained by such person. *Id.* § 1692a(6)(F)(iii).

Defendants assert that the claims against Defendant TCC are invalid because it "*has no interest whatsoever in Plaintiff's debts*." (Defs.'s Mem. in Opp'n to Mot. at 7.) Construing all of the factual allegations of the Amended Complaint as true, however, it appears that Defendant TCC is the assignee of the debt, indicating that Defendant TCC has an interest in Plaintiff's debt. (*See* Am. Compl. ¶ 14.) At a minimum, Defendants' assertions raise questions of fact that are not appropriate for the Court to determine at this juncture.

As for the separately named individuals, Defendants argue that individuals are not liable under the FDCPA. The law is clear, however, that officers and employees of the debt collecting agency may be jointly and severally liable with the agency where they have affirmatively acted. *See Teng v. Metropolitan Retail Recovery Inc.*, 851 F. Supp. 61, 67 (E.D.N.Y. 1994). As the Amended Complaint makes factual assertions regarding the affirmative actions of separately named officers and employees of Defendant TCC and Defendant BDA, the claims are not futile on their face.

Finally, the new claims are not barred by the statute of limitations. The FDCPA imposes a one-year statute of limitations that begins to run on the date the allegedly violative conduct occurred. *See* 15 U.S.C. 1692k(d). In the Amended Complaint, Plaintiff has added facts relating to the April 5, 2004 correspondence, though the original Complaint only referenced the June 23, 2004 correspondence. The Amended Complaint does not assert any new claims based upon these additional factual allegations. Instead, it actually deletes a claimed violation of 15 U.S.C. § 1692e(14).

Rule 15(c)(2) instructs that even a claim that is facially time-barred is held to "relate-back" to the filing of the original complaint if such claim "arose out of the conduct, transaction,

or occurrence set forth or attempted to be set forth in the original pleading." Defendants argue that "*none* of the Plaintiff's contentions in the original Complaint had anything to do with the allegations regarding the April 5, 2004 letter." (Defs.'s Mem. in Opp'n to Mot. at 6.) It is patently obvious, however, that the April 5, 2004 letter is directly related to the June 23, 2004 settlement letter that prompted the original Complaint. According to the Amended Complaint, both letters were allegedly sent on BDA letterhead, both were allegedly signed by Defendant Diamond, and both were in regard to the same debt. The original Complaint, filed on August 9, 2004, fell within the one-year statute of limitations with regard to the April 5, 2004 letter, and the new factual allegations in the Amended Complaint regarding the April 5, 2004 letter simply allege further conduct that directly relates to the original claims. Consequently, the Court holds that the "relation-back" doctrine should apply and that the proposed amendments do not violate the statute of limitations.

In sum, the amended complaint would not be futile. Each of the other factors similarly weighing in favor of the amendment, the Court grants Plaintiff's motion to amend the complaint.

**II.**     ***Defendants' Motion for Summary Judgment***

Defendants move for summary judgment as to the original complaint. Because the Court has granted Plaintiff's motion to amend, Defendants' motion for summary judgment as to the original complaint is denied. The motion is denied without prejudice to renew as to the amended complaint.

**III.**     ***Rule 11 Sanctions***

Finally, Defendants move for Rule 11 sanctions against Plaintiff. A Rule 11 violation occurs "when it appears that a pleading has been interposed for any improper purpose, or where,

after reasonable inquiry, a competent attorney could not form a reasonable belief that the pleading is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification or reversal of existing law." *Dujardin v. Liberty Media Corp.*, 359 F. Supp. 2d 337, 360 (S.D.N.Y. 2005) (citations and internal quotation marks omitted); *see also* Fed. R. Civ. P. 11(b)(1)-(3). The test is whether the attorney's conduct was objectively reasonable at the time the pleading was signed. *See Greenberg v. Chrust*, 297 F. Supp. 2d 699, 703 (S.D.N.Y. 2004). Though sanctions should "be imposed carefully lest they chill the creativity essential to the evolution of the law," *Id*., ultimately, "Rule 11 sanctions are designed to deter baseless filings . . . ." *Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany*, 369 F.3d 91, 97 (2d Cir. 2004) (citation omitted).

The Advisory Committee Notes accompanying the 1993 Amendments to Rule 11 describe factors to be considered when determining whether sanctions are warranted and, if so, the type and degree of any sanction that should be imposed. Those factors include: (1) whether the improper conduct was willful, or negligent; (2) whether it was part of a pattern or activity, or an isolated event; (3) whether it infected the entire pleading, or only one particular count or defense; (4) whether the person has engaged in similar conduct in other litigation; (5) what effect it had on the litigation process in time or expense; (6) whether the responsible person is trained in the law; (7) what amount, given the financial resources of the responsible person, is needed to deter that person from repetition in the same case. *See Simpson v. Putnam County Nat. Bank of Carmel*, 112 F. Supp. 2d 284, 291-92 (S.D.N.Y. 2000). There is no evidence before the Court at this time that Plaintiff's conduct would support sanctions with regard to *any* of these factors. Accordingly, Defendants' motion for Rule 11 sanctions is denied.

## *CONCLUSION*

In conclusion, Plaintiff's motion to amend the original complaint is GRANTED; Defendants' motion for summary judgment is DENIED without prejudice; and Defendants' motion for Rule 11 Sanctions is DENIED. The Amended Complaint must be filed with the Clerk's Office by April 21, 2006.

**SO ORDERED.**

Dated: Central Islip, N.Y.
　　　　March 21, 2006　　　　　　　　　　　　　　　　　/s/
　　　　　　　　　　　　　　　　　　　　　　　　Denis R. Hurley
　　　　　　　　　　　　　　　　　　　　　　　　United States District Judge