```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
PAUL OHLSON, on behalf of
himself and all others similarly-
situated,

                Plaintiff,              MEMORANDUM AND ORDER
                                        04-CV-3418(DRH)(ETB)
        -against-

THE CADLE COMPANY, INC., et al.,

                Defendants.
----------------------------------X
```

A P P E A R A N C E S:

For Plaintiff:
    Robert Louis Arleo, Esq.
    164 Sunset Park Road
    Haines Falls, New York 12436

For Defendants:
    Vlock & Associates, P.C.
    230 Park Avenue
    New York, New York 10169
      By: Stephen Vlock, Esq.

HURLEY, Senior District Judge

      By letter dated December 8, 2008, Robert L. Arleo, Esq. ("Arleo") requests that (1) I recuse myself from the captioned action upon the ground that I have "demonstrated a clear bias and prejudice against the Plaintiff and [Arleo] as his counsel," and (2) that I "sua sponte vacate the Order dated September 30, 2008, which granted summary judgment to defendants, abandon any ruling concerning the show cause Order dated October 2, 2008 regarding formal service of the amended complaint . . . and direct the Clerk of the Court to reassign the above entitled case to another Judge." Arleo's Dec. 8, 2008 Letter at 1. Counsel advises, in

closing, "that a decision herein must be made within five days of [my] review of the herein correspondence," lest the request be taken "to whatever next forum may be proper under the circumstances." Id. at 8.[1] Defense counsel, by letter also dated December 8, 2008, opposed the requested relief. And finally, by a November 9, 2009 letter to the Honorable Raymond J. Dearie, Chief Judge of the United States District Court for the Eastern District of New York, Arleo requests that the Chief Judge "reassign the above-entitled action to another District Court Judge . . . . based upon the fact that Judge Hurley has demonstrated clear bias and prejudice against my client and has otherwise impeded my client's rights under the Fair Debt Collection Practice Act (FDCPA) and his right to bring a class action pursuant to Fed. R. Civ. P. 23." Arleo's Nov. 9, 2009 Letter to Chief Judge Dearie at 1. Parenthetically, there is no mechanism to my knowledge authorizing the Chief Judge to effect

---

[1] My Individual Practice Rules do not provide for letter motions and, accordingly, applications for relief are required to be made by Notice of Motion and supporting Memorandum of Law, preceded by the submission of "a [p]re-[m]otion [c]onference [l]etter." Indiv. Prac. Rules [DRH], ¶ 3B. However, instead of returning the letter request, coupled with a reference to my individual rules, no action, due to an administrative error on my part, was taken and the recusal request has remained unaddressed for over a year. Chamber's receipt of Arleo's October 30, 2009 letter reiterating his initial recusal request, supplemented by a further complaint premised on the absence of a decision being issued on the summons issue, is what caused me to recognize the aforementioned oversight. Accordingly, rather than delay matters further, the application will be addressed on the merits.

the requested transfer under the attendant circumstances.

The multiple grounds articulated for the requested relief emanate from the orders and decisions that I have rendered in the case including the September 30, 2008 Order which, inter alia, granted partial summary judgment to defendants. It is plaintiff's view that "[t]he very fact that [the Court] could not rid [itself] of the above-entitled action after three summary judgments motions by the Defendants proves that the claims alleged herein have merit" and "the only reason why claims against many of the Defendants have been dismissed is based upon [my] legally baseless and bias evidencing September 30th Order." Arleo's Dec. 8, 2008 Letter at 1. With respect to the October 2, 2008 Order which directed plaintiff to show cause why certain defendants added to the action via the amended complaint filed on March 30, 2006 should not be dismissed for the apparent failure to serve such individuals, that order is characterized as yet another "baseless[] attempt to rid [the Court's] docket of this entire action via the service of the amended complaint issue." Id. at 2.

The recusal request is based on 28 U.S.C. § 455(a) which provides "any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." "The ultimate question under § 455(a) is whether 'a reasonable person, knowing

all the facts, [would] conclude that the trial judge's impartiality could reasonably be questioned.'" <u>Green v. N.Y.C. Health and Hospitals Corp.</u>, 2009 WL 2634660, *1 (2d Cir. Aug. 28, 2009)(Summary Order)(citation deleted).  It is axiomatic that, barring exceptional circumstances, a judges' adverse rulings on a motion are not a ground for recusal. <u>See, e.g.</u>, <u>Liteky v. United States</u>, 510 U.S. 540, 555 (1994), <u>LoCascio v. United States</u>, 473 F.3d 493, 495 (2d Cir. 2007), and <u>Byrne v. Nezhat</u>, 261 F.3d 1075, 1103 (11th Cir. 2001)("adverse rulings alone do not provide a party with a basis for holding that the court's impartiality is in doubt").  Arleo, cognizant of that legal principle, proffers that the Court's

> bias and prejudice has also been demonstrated by acts which have occurred outside of the September 30th ruling.  Said acts include:
>
> a) failing to admonish the Defendant's [sic] and their counsels for alleging numerous baseless legal arguments and for engaging in demonstrably unethical conduct;
>
> b) continually inviting the Defendants to file additional motions for summary judgment in the hope that they could provide [me] with any reasons to dispose of the herein action;
>
> c) failing to recognize additional, express and viable claims for violations of the FDCPA as set forth in the amended complaint;
>
> d) raising the alleged issue of formal service of the amended complaint two and a half years after the filing thereof and

>    only after two separate summary judgment
>    motions were submitted and ruled upon;
>
>    e) ignoring the legal fact that, even
>    if service of the amended complaint was a
>    viable issue (which it is not), then the only
>    ramification thereto would be to revive the
>    original complaint filed in the herein
>    action, not a complete dismissal of the
>    above-entitled action, thereby wasting
>    judicial resources and hundreds of hours of
>    my time in regard to the litigation of the
>    herein action, thereby creating a "back to
>    square one" scenario.

Arleo's Dec. 8, 2008 Letter at 5.

To place items a) through e) in context, it warrants mention that, to the best of my knowledge, I have never met Arleo, his client, or the other parties to the action or their counsel.  Instead, with the sole exception of the sua sponte October 2, 2008 Order to Show Cause, my contacts have been limited to responding via written orders and decisions to the various motions and applications made in the case.  Given that fact, it is evident that items a) through e) are necessarily traceable to Arleo's dissatisfaction with my judicial rulings.  Of course, the Supreme Court in Liteky explained that judicial opinions and remarks, though rarely an adequate predicate for a recusal motion, will be sufficient if "display[ing] a deep-seated favoritism or antagonism." United Stats v. Liteky, 510 U.S. at 555.  Arleo contends that a review of the September 30th Order and my other  decisions and orders issued in the case establishes just that.  Yet a perusal of those documents, which speak for

-5-

themselves and are incorporated by reference, fails to support the bias allegations. To the extent counsel views the targeted rulings as "patently uncalled for" (Arleo's Dec. 8, 2009 Letter at 2), "baseless[]," (id.), "incredible," (id. at 3), and "patently ridiculous," (id. at 4), redress for such purported errors is to be found in the appeals process, not recusal. See Liteky v. United States, 510 U.S. at 555.

Included within the litany of complaints in the recusal letter is one that typifies their tenor and substance, that being the "pig and truffles" analogy. That excerpt from the September 30th Order reads:

> Turning first to the deposition of Cadle, Plaintiff fails to provide any pinpoint citations to the deposition transcript or to direct the Court's attention to any particular testimony, apparently satisfied to have this Court hunt like a pig looking for truffles buried in the transcript.

Sept. 30, 2008 Mem. and Order at 10 (quoted in Arleo's Dec. 8, 2008 Letter at 3).

By way of comment to that excerpt, Arleo explains that he "in no way, shape or form intended to imply that [I] was a pig and object to [my] accusation to the contrary," seemingly misapprehending the sentiment intended to be conveyed. Dec. 8, 2008 Letter at 3. The point of the excerpt was to underscore for counsel that it is unprofessional for an attorney to make references to deposition testimony absent cites to the relevant

pages of the transcript and to expect the Court to review the entire deposition to see what, if any, information tended to support counsel's position.  My displeasure with being unfairly saddled with that task which rightfully should be performed by counsel, and advising counsel accordingly, is certainly not appropriate nor unique among jurists.[2]  Indeed, the language which counsel labels as "troubl[ing]," id. at 3, is derived from similar language (as indicated in the September 30th opinion) from United States v. Dunkell, 927 F.2d 955, 956 (7th Cir. 1999)("Judges are not like pigs, hunting for truffles buried in briefs.")  Further, the query "Pig /s Truffle" in the Westlaw data base indicates that this portion of the Dunkell decision has

---

[2] In fact, prior to the September 30, 2008 Memorandum and Order, the Court instructed counsel for both parties of the need to comply with the Local Rules and this Court's Individual Practice Rules.  In an Order dated May 25, 2007, the Court wrote:

> The Vlock Defendants' motion for summary judgment fails to comply with Local Rule 56.1(d).  The Local Rule 56.1 statement filed by Vlock Defendants does not contain any citations to evidence.  While Plaintiff's counter 56.1 statement contains citations to evidence, Plaintiff failed to provide the Court with the deposition testimony of Defendant Diamond given in another matter upon which Plaintiff repeatedly relies.

May 25, 2007 Order (Dkt. No. 93) at 2.  The Court went on to warn the parties that "[f]or the remainder of this case, any documents submitted that are not in full compliance with the Local Rules and the Court's Individual Practice Rules will be treated as nullities." Id.  Pinpoint citations are required by this Court's Individual Practice Rules (see ¶ 3I).

found its way into just short of five-hundred federal circuit and district court decisions in the ten years since its utterance.

In sum, I find that a disinterested third-party reviewing the decision and orders issued in this case could not reasonably question my impartiality. Accordingly, Arleo's § 455(a) recusal motion is denied. In that regard, a "judge is as much obliged not to recuse himself when it is not called for as he is obliged to when it is." In re Drexel Burnham Lambert, Inc., 861 F.2d 1307, 1312 (2d Cir. 1988). Finally, I am confident that, notwithstanding the unfortunate tone of counsel's application, I will be able to impartially see this case through to its conclusion at the district level; thus, sua sponte recusal is not warranted under 28 U.S.C. § 455(b)(1) (calling for recusal based on "personal bias or prejudice concerning a party [or counsel]").

SO ORDERED.

Dated: December 18, 2009
       Central Islip, New York

_____
DENIS R. HURLEY, U.S.D.J.