UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
PAUL OHLSON, on behalf of himself and all
others similarly-situated,

      Plaintiff,

    **MEMORANDUM & ORDER**

  - against -    04 Civ. 3418 (DRH) (ETB)

THE CADLE COMPANY, INC., et al.

      Defendants.
----------------------------------X

**APPEARANCES:**

**ROBERT LOUIS ARLEO, ESQ.**
Attorney for Plaintiff
225 East 79th Street, Suite 2B
New York, NY 10021

**VLOCK & ASSOCIATES, P.C.**
Attorney for Defendants
230 Park Avenue
New York, NY 10169
By: Stephen Vlock, Esq.

**HURLEY, District Judge:**

  On October 2, 2008, the Court issued an order directing plaintiff to show cause why the action as against Defendants Bobby D. Associates, Daniel C. Cadle, John and Jane Does numbers 2 through 50, Steven Vlock and Vlock Associates, P.C. ("Added Defendants") should not be dismissed pursuant Fed. R. Civ. P. 4(m), which rule requires that a defendant be served with a summons and complaint within 120 days after the complaint is filed. The matter has been fully briefed and is ripe for disposition. For the reasons set forth below, the Court finds that the failure to serve Added Defendants with a summons does not provide a basis for dismissal.

## Background

Plaintiff Paul Ohlson ("Plaintiff") commenced this action on August 10, 2004 pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. (the "FDCPA") as against Defendants Ray Diamond ("Diamond") and the Cadle Company ("Cadle"). Thereafter, Diamond and Cadle filed an Answer to the Complaint by their counsel, Steven Vlock of the firm Vlock & Associates, P.C..

By Order dated March 21, 2006, the Court granted Plaintiff's motion to amend the complaint and directed the filing of the amended complaint before April 21, 2006. An amended complaint was filed on March 30, 2006. The Amended Complaint, among other things, added Bobby D. Associates, Daniel C. Cadle, John and Jane Does numbers 2 through 50, Steven Vlock and Vlock Associates, P.C. as defendants. On June 12, 2006 Steven Vlock and Vlock & Associates, P.C. filed an answer to the amended complaint (the "Vlock Answer"). Also on June 12, 2006, defendants Bobby D. Associates, Daniel C. Cadle, John and Jane Does numbers 2 through 50 filed an answer to the amended complaint (the "BDA Answer"). Both the Vlock Answer and the BDA Answer raise the following affirmative defenses: (1) failure to state a claim; (2) lack of subject matter jurisdiction over each of the defendants ; (3) lack of personal jurisdiction over each of the defendants; (4) the addition of new claims without leave of court; (5) there is no basis for a class action; (6) none of the defendants are not a debt collector under the FDCPA; (7) defendants are exempt from the provisions of the FDCPA; (8) any violation was not intention and resulted from a bona fide error; (9) the defendants acted in reasonable reliance upon existing legal precedent; and (10) statute of limitations.

In its Memorandum & Order, dated September 20, 2008, familiarity with which is presumed,[1] the Court noted the absence of any indication that supplemental summonses had been issued or served with the amended complaint upon the Added Defendants. The above-mentioned order to show cause followed.

## Discussion

Rule 12(h)(1) of the Federal Rules of Civil Procedure provides that the defenses of lack of personal jurisdiction, insufficient process or insufficient service of process, among others, are waived if not raised either in a Rule 12 motion or in a responsive pleading. Fed. R. Civ. P. 12(h)(1). *See Santos v. State Farm Fire & Cas. Co.*, 902 F.2d 1092, 1095 (2d Cir. 1990); *Echeverria v. Manor*, 2009 WL 857629 (E.D.N.Y. Mar. 30, 2009). While the Added Defendants raised the defense of lack of personal jurisdiction in their answers, they did not raise insufficient service of process. Thus, the question is whether the defense raised - lack of personal jurisdiction - is sufficient to raise the failure to serve a summons.[2]

The defenses of lack of personal jurisdiction and insufficiency of service of process, although related, are not identical. *See Santos*, 902 F.2d at 1095. "Questions of personal

---

[1] In the September 20, 2008 Memorandum, the Court granted summary judgment in favor of Steven Vlock and Vlock and Associates P.C. on the claim that they misrepresented the owner of the debt in the Collection Action but otherwise denied their motion; granted the motion for summary judgment on all claims against Cadle Company; granted the motion of remaining Defendants for summary judgment on (1) the claims that they misrepresented the true owner of the debt; and (2) the claims that a certain June letter was false and misleading; and denied Plaintiff's motion for summary judgment.

[2] In their memorandum defendants argue that the Court should dismiss this action "even without Rule 4(m)" "due to the Court's lack of subject matter jurisdiction." Defs. Mem. in Supp. of Order to Show Cause (Dkt No. 112-11) at 14. Other than to note that the argument is without merit, the Court shall not address this contention as it is outside the scope of the Order to Show Cause.

3

jurisdiction go to 'whether the controversy or defendant has sufficient contact with the forum to give the court the right to exercise judicial power over defendant,' . . . whereas questions of sufficiency of process concern 'the manner in which service has been made and not . . . the court's power to adjudicate defendant's rights and liabilities' . . . ." *Id.* (internal citations omitted) (second ellipses in original) (quoting 5 C. Wright & A. Miller, Fed'l Practice and Procedure § 1351, at 560, § 1353 at 578-79 (1969). Insufficient service of process includes nonreceipt by a defendant of a summons. 5B Wright & Miller, Fed'l Practice & Procedure § 1353, at 335 (2004). Inasmuch as Added Defendants did not raise insufficient service of process in either a Rule 12 motion or in their answers, that defense has been waived. *See Santos*, 902 F.2d at 1095-96. Accordingly, the apparent failure of Plaintiff to serve the Added Defendants with a summons provides no basis for the dismissal of the claims that remain as against them.

**SO ORDERED.**

Dated: Central Islip, New York
December 18, 2009

/s/
Denis R. Hurley
Senior District Judge