UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
PAUL OHLSON,

                             Plaintiff,

            -against-

THE CADLE COMPANY, INC., et al.,

                            Defendant.
------------------------------------------------------------------------X

MEMORANDUM OPINION
and ORDER

CV 04-3418 (DRH) (ETB)

        The plaintiff's letter motion, dated February 3, 2010, seeks to compel discovery after the defendants' refusal to permit same.

        The very purpose of the scheduling conference on January 25, 2010, at which counsel for both parties were present, was to set a discovery schedule which would complete all discovery in this action, in order that the action could be finally resolved either on summary judgment or at trial. Although the parties disputed the number of causes of action which remain open at that conference, there is no question that issues remain in this action and that the plaintiff has not had an opportunity to conduct depositions. The plaintiff's request to conduct the three (3) noticed depositions is hereby granted.

        Oddly, defendants' counsel objects to his clients' depositions in the district where corporate officers and employees of defendant, The Cadle Company, Inc., are located. See Buzzeo v. Board of Education, 178 F.R.D. 390, 392 (E.D.N.Y. 1998 (discussing relevant factors for determining location of out-of-state corporate depositions); see Answer to Amended Complaint and Counterclaims, dated May 11, 2006, at ¶¶ 4 and 5 (admitting that The Cadle Company "is a business located at 100 North Center Street, Newton Falls, Ohio," and that Daniel

C. Cadle "is a natural person residing in Ohio"). Defendants' objection is because the depositions are not going to be conducted telephonically. Defendants cite to no law or facts that would preclude the plaintiff from using one of the methods approved in Rule 30, Fed. R. Civ. P. In the event, however, that Messrs. Diamond and Cadle are willing to come to the Eastern District of New York or some other mutually agreed location, the locus of the deposition and date may be modified by the parties. In the absence of any such modification, the depositions shall take place at the locus noticed by plaintiff's counsel. In any event, the depositions shall be completed by March 1, 2010.

Defendants' counsel's request for reasonable counsel costs to attend such depositions in Ohio is denied, without prejudice to renewal upon completion of the depositions. While the parties may dispute the applicability of Local Civil Rule 30.1 on the facts here, it is virtually impossible to estimate in advance what these costs and fees may be. For this reason, and without an intimation that defendants are entitled to any Rule 30.1 costs, I find it more prudent to delay any such application until after completion of the relevant depositions. Should defendants renew this application, it shall be done by formal motion commencing, however, with a three (3) page letter requesting a pre-motion conference before me. The movant should address in this application the applicability of Local Civil Rule 30.1 to the situation here where the plaintiff has chosen a venue that is home to the parties deposed.

Lastly, the application by defendants to preclude the plaintiff's designated method of conducting said deposition is denied. The plaintiff has the right, pursuant to Rule 30(b)(3)(A), to designate the method of recording. The method designated here - "audiovisual" - is one of three methods authorized, unless the court otherwise directs. Id. Defendants' counsel points to a

contempt finding involving plaintiff's counsel in the state court and asserts that this "history of unprofessional conduct poses a very real threat that the videos will be used by him (plaintiff's counsel) for improper purposes." The contempt there was unrelated to any audiovisual deposition but rather arises from counsel's conduct in making meritless objections and comments and directing a witness not to answer at a deposition. I find this to be an inadequate predicate for the relief requested here by the defendants. Moreover, the defendants cite to no applicable law and no other facts - other than their "concern[ed] that their images will be exploited." These allegations are not sufficient to warrant entitlement to the relief requested. See Moore's Federal Practice, Third Edition 2009, Vol. 9, § 30.23[1][b]:

> Rule 30(b)(3)(A) permits the videotaping of a deposition at the option of the party noticing the deposition. Even under the prior version of Rule 30, which required either a court order or the stipulation of the parties to a nonstenographic deposition, the courts generally promoted rather than inhibited the use of videotaped depositions. Courts have recognized that videotaped depositions - which may include reenactments of events - can help parties better understand what occurred, especially when the events cannot be described adequately by stenographic means. Further, a video deposition, unlike a typed transcript, allows a jury to consider the demeanor of the witness while testifying.

Id. at 30-52 to 30-53 (footnotes omitted).

For all of the foregoing reasons, the plaintiff's request to compel the noticed depositions for the place noticed are granted, subject to modification of time and place, on consent of all parties, provided, however, that these depositions shall be completed by April 30, 2010.

SO ORDERED:

Dated: Central Islip, New York
 March 1, 2010

                                                              /s/ E. Thomas Boyle
                                                              E. THOMAS BOYLE
                                                              United States Magistrate Judge