UNITED STATES DISTRICT COURT          Case No. 04-CV-3418

EASTERN DISTRICT OF NEW YORK      (DRH) (ETB)

-----------------------------------------------------------------------X

PAUL OHLSON, on behalf of himself and all others
similarly situated,

                                 **REPLY AFFIRMATION**

                        Plaintiff,

              -against-

THE CADLE COMPANY, BOBBY D. ASSOCIATES,
DANIEL C. CADLE, JOHN DOE, ALIAS "RAY
DIAMOND", JOHN AND JANE DOES NUMBER 2
THROUGH 25, SAID PERSONS BEING NAMED
HEREIN AS THE PERSONS WHO CONTROL THE
POLICIES AND PRACTICES EMPLOYED BY THE
CADLE COMPANY, JOHN AND JANE DOES
NUMBER 26 THROUGH 50 WHO ARE PARTNERS IN
BOBBY D. ASSOCIATES, STEVEN VLOCK and
VLOCK AND ASSOCIATES, P.C.,

                              Defendants.

-----------------------------------------------------------------------X

        STEVEN GIORDANO, an attorney duly admitted to practice before this Court, under the

penalties of perjury affirms the truth of the following:

        1.       I am an associate with the firm of VLOCK & ASSOCIATES, P.C., attorneys for

Defendants in the above-referenced action.

        2.       I am fully familiar with the facts and circumstances stated herein.

        3.       I make this reply affirmation in further support of Defendants' motion, made by

Order to Show Cause, which seeks an Order:

a.      Pursuant to Rule 72(a) reviewing and setting aside the Order by Magistrate Judge Boyle, dated March 29, 2010, and issuing stay of all discovery pending a determination of Defendants' Motion for Reconsideration of the Order dated March 2, 2010, Defendants' Order to Show Cause for Rule 72 Review and for a Protective Order, as well as the pending motion for summary judgment by Defendants, which will, at the very least limit or eliminate the need for discovery in this matter entirely; and

b.      For such other and further relief as the Court deems just and proper under the circumstances.

## MR. ARLEO HAS BEEN SANCTIONED MULTIPLE TIMES FOR HIS FRIVOLOUS CONDUCT

4.      Initially, it should be pointed out that Defendants were forced to list the undisputed unprofessional behavior by Mr. Arleo and the multiple Orders of Sanctions against Mr. Arleo for his frivolous behavior because it is relevant herein to demonstrate a pattern of vexatious conduct using frivolous means.  In fact, it is all relevant to the instant motion, as well as the previously filed motion, for a Protective Order and stay of discovery which Defendants demonstrate is also frivolous.

5.      Without actually specifically discussing any of the multiple sanctions orders against him, Mr. Arleo now falsely claims that has never been sanctioned multiple times and the personal attacks upon him are "baseless."  However, this is not true.

6.      In fact, Defendants have demonstrated that Mr. Alreo was sanctioned in California Federal Court by Judge Burns, as well as sanctioned by Judge Moulton in the State Court Action for his frivolous behavior and he has been admonished in this action for his failure to comply with Rules and Orders.

7.      However, Mr. Arleo has also been sanctioned by the Supreme Court of the State of New York, Greene County, in the action entitled "Robert L. Arleo v. Vincent L. Saladino," Greene County Index No. 07-0494, for conduct which the Court characterized as **"bizarre and unreasonable,"** as well as **"frivolous and sanctionable."**  In fact, Mr. Arleo attempted to amend a complaint with a proposal to require the defendant sell all of his property and be "run out of town," which the Court found to be without merit in fact or in law.  For his frivolous conduct, Mr. Arleo was sanctioned $2,745.00.  A copy of the Order for Sanctions is attached hereto as Exhibit "A."

8.      Therefore, the unprofessional behavior by Mr. Arleo is certainly not baseless and it is certainly relevant to the instant matter to demonstrate a pattern of frivolous conduct and a need to stay the frivolous discovery demands of Plaintiff herein.

## THERE WAS NO BASIS TO ISSUE THE CONDITIONAL ORDER OF PRECLUSION AND A STAY SHOULD BE GRANTED

9.      With regard to the merits of the instant motion, although an "Affirmation in Compliance with Order to Show Cause" has been filed, Plaintiff really has no opposition to instant application.  In fact, Plaintiff fails to demonstrate any prejudice if a stay is granted pending a decision on the motions before the Court, which determine which issues are remaining in this action and are arguably relevant for discovery.

10.     Furthermore, Plaintiff does not dispute that there was never compliance with Rule Local Rule 37.3 before either of his letter motion applications before Magistrate Judge Boyle.[1]

11.     Plaintiff makes no mention of the fact that Magistrate Judge Boyle erroneously issued the conditional Order of Preclusion, dated March 29, 2010, when Plaintiff failed to confer with Defendants either by telephone or in person.

12.     Indeed, the said Order was issued even without a failure by Defendants to comply with the prior Order, dated March 1, 2010.  Specifically, the deadline for depositions as set forth in the March 1, 2010 Order by Magistrate Judge Boyle is April 30, 2010 and Defendants still have never disregarded the said Order.  They have duly sought judicial review and a stay, similar to the stay previously issued for the last few years, which was to simply wait until the issues in the motions were resolved by the Court.

13.     Plaintiff argues that the motions pending are "meritless" and that he is being prejudiced by the Defendants' actions because of the April 30, 2010 discovery.  However, instead

---

[1]It should be noted that, within his papers, Plaintiff misleadingly makes reference to a Rule 37.3 conference which took place between Your affiant and Plaintiff's Counsel, Robert Arleo, Esq., on April 9, 2010, the day that the instant motion for Rule 72 Review of the March 29, 2010 Preclusion Order was filed with the Court.  This was the first (1st) time that any Rule 37.3 conference was ever conducted and it did not concern any issues relevant to the instant motion.  Plaintiff wished to discuss Defendants' responses to his discovery demands pertaining to Defendant Bobby D. Associates.  However, at that time, Plaintiff's counsel, Robert Arleo, agreed that his discovery demands were overly vague and told Your affiant that he would be revising them and re-serving the revised demands.  Obviously, we are shocked that he would now claim in his papers that he will not waste his time revising his demands. *See paragraph 10 of the affirmation of Robert Arleo, Esq., dated April 12, 2010.*

of being so combative, Plaintiff should simply agree that the issues remaining are unresolved and agree to a stay of discovery pending the Court's determination on the same.[2]

14.     What is most important is the fact that defense counsel has never been dilatory, and that Defendants have never "refused" to conduct discovery or submit to depositions.  They have simply sought Reconsideration of the Clarification Order and Rule 72 Review of two clearly erroneous discovery Orders, which were issued <u>without</u> actual service of Notices of Depositions, <u>without</u> compliance with Local Rule 37.3, and <u>without</u> any violation of any Orders by the Defendants.  The motions simply seek a stay of discovery until the issues are resolved.

15.     We respectfully submit that the pending motions, which will limit or eliminate the issues remaining, have merit and a high likelihood of success.

16.     As previously demonstrated, back in August 2009, before the Southern District of New York, Mr. Arleo admitted that there were only four (4) causes of action contained in the Amended Complaint herein.  Thereafter, <u>for the first time</u>, Mr. Arleo started arguing before this Court in December 2009 that there were no less than seven (7) causes of action remaining <u>after</u> the claims against Defendant The Cadle Company and claims as to any misrepresentation of ownership of the debt against all Defendants were dismissed.  Specifically, Mr. Arleo admitted within his

---

[2]As the Court is well-aware, Plaintiff agrees that there is a contradiction in the rulings by the Court in the September 30, 2008 Summary Judgment Order and the March 2, 2010 Clarification Order.  In fact, Plaintiff's counsel, Robert Arleo, wrote to Judge Hurley demanding that the Court correct its March 2, 2010 Clarification Order *(Docket No. 150)*.  However, only Defendants have properly moved for reconsideration and demonstrated that Plaintiff only has one cause of action remaining herein.

memorandum of law, dated August 28, 2009, which was submitted within the third (3rd) FDCPA

action he brought on behalf of the Plaintiff against the Defendants in the Southern District of New

York that:

> However, the FDCPA case pending in the Eastern District of New York, and
> relied upon by the Defendants, is based upon a different set of facts, i.e. the
> true owner of the debt, requesting a de minimis payment to revive the statute
> of limitations, alleging false settlement deadlines and failure to provide a 30
> day debt verification and dispute rights accorded by the FDCPA. **Any
> adjudication therein by the Eastern District of New York concern these
> claims only**. [Emphasis added.] *See Memorandum by Robert Arleo, Esq.,
> dated August 28, 2009, "Ohlson v. Cadle, et al.," S.D.N.Y. 09 cv 5639 (PGG),
> Docket No. 15, page 4, paragraph 2.*

17.      Now, Mr. Arleo addresses his admission, made within Plaintiff's third (3rd) FDCPA

action against the Defendants, and feigns that he listed the causes of action herein "from recall"

without reviewing the Amended Complaint in this action.  He claims that he would have included

all the other causes of action he concocted in December 2009 if he had actually checked his own

pleadings.

18.      However, Mr. Arleo's admission was <u>no mistake</u>.  Particularly telling is the fact that

Mr. Arleo fails to explain his assertive statement, confirming that there were only four (4) causes of

action:  **"Any adjudication therein by the Eastern District of New York concern these claims

only**."

19.      Thus, as is demonstrated in Defendants' Motion for Reconsideration, which has a

high likelihood of success, there is really only one cause of action remaining and Plaintiff's counsel

simply fabricated causes of action which do not exist.

20.    The issues herein are directly affected by the Defendants' Motion for Reconsideration of the Clarification Order, the Order to Show Cause for Rule 72 Review and the pending motion for summary judgment.

21.    When the Court issues a determination on the pending motions, the issues will be finalized in this matter. Defendants are confident that the Court will eventually dismiss this matter once and for all.  A stay is necessary in this matter where there would be significant prejudice to the Defendants absent a stay and there is a strong likelihood of success on the pending motions by Defendants, especially given the fact that the majority of the case is dismissed and the Plaintiff's counsel already admitted on a prior occasion that there were only four (4) causes of action, two (2) of which have been dismissed.

22.    Until the motions are decided, discovery should be stayed to avoid the clear prejudice to Defendants.  On the other hand, there is no prejudice to Plaintiff if a stay is granted.  In fact, he waited years before even serving any discovery demands and indeed only served deposition notices for the first time on March 26, 2010. The witnesses and evidence will still be present after any stay would be lifted, notwithstanding the fact that all evidence in this FDCPA action is documentary because the claims are based upon the language of the letters and summons and complaint.

WHEREFORE, it is respectfully requested that this Court grant Defendants' motion in its entirety, together with such other and further relief as the Court deems just and proper under the circumstances.

Dated:       New York, New York
            April 13, 2010


                                 /s/   Steven Giordano
                                 STEVEN GIORDANO (SG 8328)

<u>**CERTIFICATE OF SERVICE**</u>

I HEREBY CERTIFY, that on April 13, 2010, I caused a copy of the attached REPLY AFFIRMATION to be served by mail upon:

ROBERT L. ARLEO, ESQ.
164 Sunset Park Road
Haines Falls, New York 12436
(518) 589-5264

I certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

Dated:        New York, New York
              April 13, 2010


                                    _/s/ Steven Giordano, Esq._____
                                    STEVEN GIORDANO (SG 8328)