UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------X
PAUL OHLSON, on behalf of himself and all
others similarly-situated,

                Plaintiff,          **MEMORANDUM & ORDER**

       - against -                04 Civ. 3418 (DRH) (ETB)

THE CADLE COMPANY, INC., BOBBY D.
ASSOCIATES, DANIEL C. CADLE, JOHN
DOE, ALIAS "RAY DIAMOND", JOHN
AND JANE DOES NUMBER 2 THROUGH 25,
SAID PERSONS BEING NAMED HEREIN AS
THE PERSONS WHO CONTROL THE
POLICIES AND PRACTICES EMPLOYED
BY THE CADLE COMPANY, JOHN AND
JANE DOES NUMBER 26 THROUGH 50 WHO
ARE PARTNERS IN BOBBY D. ASSOCIATES,
STEVEN VLOCK and VLOCK AND
ASSOCIATES, P..C.

                Defendants.
------------------------------------X

**APPEARANCES:**

**ROBERT LOUIS ARLEO, ESQ.**
Attorney for Plaintiff
164 Sunset Park Road
Haines Falls, New York 12436

**VLOCK & ASSOCIATES, P.C.**
Attorney for Defendants
230 Park Avenue
New York, NY 10169
By: Stephen Vlock, Esq.

**HURLEY, District Judge:**

        Presently before this Court is Defendants' motion, brought on by Order to Show

Cause (Dkt. No. 171), appealing the Order of Magistrate Judge Boyle dated March 29, 2010

(Dkt. No. 166). Defendants seek to have Judge Boyle's March 29, 2010 Order set aside and seek

a stay of all discovery pending a determination of (a) Defendants' Motion for Reconsideration of the Court's Order dated March 2, 2010 (Dkt. No. 152) and (b) Defendants' Order to Show Cause for Rule 72 Review and Protective Order (Dkt. No. 156).[1]  For the reasons set forth below, the motion is denied.

The Court has issued a number of decisions in this matter, familiarity with which is presumed.

To the extent Defendants' seek a stay of discovery pending determination of their aforementioned applications, the request is denied as moot as the Court has this date issued decisions rejecting both applications.

The Court now addresses the Order appealed from which provides:

> Defendants' counsel, Steven Giordano of Vlock & Associates, P.C. has failed to cooperate with plaintiff's counsel's efforts to schedule depositions in this action, despite the absence of any stay of discovery.  *See* correspondence by Robert L. Arleo, dated March 24, 2010.
>
> Any defendant noticed by plaintiff is precluded from testifying at trial or from offering any affidavit in support or opposition to summary judgment, unless such person submits to a deposition at the time, date and place noticed by plaintiff's counsel on or before April 23, 2010.

---

[1] The proposed Order to Show Cause also sought to have the stay of discovery extend during the "pending motion for summary judgment by Defendants . . . ."  The Court declined to sign the Order as presented and struck the language seeking a stay during the "pending motion for summary judgment" as no such motion is pending.  By Order dated March 2, 2010, the Court established a briefing schedule for a motion for summary judgment with initial moving papers to be served on or before June 1, 2010.  In setting said schedule, the Court specifically noted that the "schedule has been established to allow for completion of discovery by April 30, 2010."  The establishment of a briefing schedule *in futuro* does not result in the pendency of a motion.

(Order dated March 29, 2010, Dkt No. 166.) Prior to the March 29, 2010 Order, Judge Boyle had issued an Order dated March 1, 2010 granting Plaintiff's motion to compel depositions and requiring that depositions (as well as all discovery) be completed by April 30, 2010.

Although Defendants filed an appeal, by Order to Show Cause, from Judge Boyle's Order of March 1, 2010 granting Plaintiff's motion to compel depositions, Defendants neither sought nor obtained a stay of discovery pending the appeal. Defendants posit that no stay was sought or necessary in connection with the March 1, 2010 Order because there was "plenty of time" before the April 30, 2010 deadline. Nonetheless, given the absence of any stay, it was incumbent on Defendants to comply with Judge Boyle's Order of March 1, 2010 and to cooperate in setting up their noticed depositions. Instead, Defendants asserted that the deposition notices were never served and refused to even attempt to work with their adversary in arriving at a mutually agreeable schedule.

The history on this case reveals a great deal of acrimony between the parties, or perhaps more appropriately between their counsel. Both sides have been warned by both Judge Boyle and this Court regarding their conduct. (*See, e.g.*, Dkt. Nos. 93, 102). Given the history of this case, including Defendants' continual efforts to avoid any depositions over the months preceding its issuance, Judge's Boyle's March 29, 2010 Order was fully justified. It did not grant preclusion, but rather allowed approximately four weeks for the three noticed defendants[2] to submit to depositions without adverse consequences.

---

[2] Plaintiff has noticed the depositions of defendants Daniel C. Cadle, Ray Diamond, and Steven Vlock, each of which are limited to 1 day of 7 hours consistent with Fed. R. Civ. P. 30(d)(1).

The Court finds unconvincing Defendants' argument that depositions should not be held because Defendants will be moving for summary judgment which "will, at the very least, narrow the issues further and most likely eliminate this action entirely." Without in any manner prejudging the merits of Defendants' motion, it suffices to say that given the age of this case, the delay that will ensue in the event the motion is denied is unacceptable.

The appeal and request for stay of discovery are denied.

**SO ORDERED.**

Dated: Central Islip, New York
      April 16, 2010

                              /s/
                              Denis R. Hurley
                              Senior District Judge